UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81399-CIV-ZLOCH

JENNIFER HOFFER, et al.,

      Plaintiffs,

vs.                                    **O R D E R**

OCWEN LOAN SERVICING, INC.,

      Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiffs' Motion For Conditional Certification Of Collective Action And Permission To Send Court Supervised Notice Advising Similarly Situated Individuals Of Their Opt-In Rights (DE 23) and the Parties' Joint Motion To Extend Case Deadlines (DE 32).  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

    Plaintiffs filed suit under the Fair Labor Standards Act, 28 U.S.C. §§ 201 et seq., ("FLSA"), to collect overtime wages they claim are owed by Defendant.  Among the FLSA's remedial provisions is the power granted courts to authorize other similarly situated employees to opt in and join a plaintiff in prosecuting their claims.  29 U.S.C. § 216(b).  This avoids duplicative actions and conserves judicial resources.  Plaintiffs claim that besides themselves there are other current and former employees of Defendant who have not received the compensation they are entitled to.  By the instant Motion, Plaintiffs seek Court-supervised opt-in

notice to all current and former employees of Defendant who are "loan resolution consultants," which is business-speak for inside sales-representatives.  Naturally, Defendant opposes the motion. Its primary basis being that no prospective plaintiffs have filed affidavits indicating their desire to join this action.  It also takes Plaintiffs to task for failing to specifically allege one person who would seek to opt-in.  The Court agrees that Plaintiffs have not met their burden and for the reasons expressed below will deny the motion.

In furtherance of the FLSA's opt-in provision, a District Court may order that notice be provided to potential members of the plaintiff class, as long as they are similarly situated with Plaintiff.  <u>Dybach v. Florida Dep't of Corrs.</u>, 942 F.2d 1562, 1567 (11th Cir. 1991).  Prior to issuing such an order, the district court must determine if there are other employees of the defendant-employer who desire to "opt-in" and who are also "similarly situated."  <u>Id.</u> at 1567-68.  The Eleventh Circuit has elaborated on this procedure and suggested that district courts adopt a two-tiered approach to their determination of whether others are "similarly situated."  <u>See</u> <u>Hipp v. Liberty Nat. Life Ins. Co.</u>, 252 F.3d 1208, 1219 (11th Cir. 2001); <u>see also</u> <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1261 (11th Cir. 2008) (affirming the holding in <u>Hipp</u>).

Under <u>Hipp</u>, the district court applies a lenient standard of proof t o its initial determination of whether other employees are

"similarly situated."  If that standard of proof is satisfied, the district court should grant "conditional certification" allowing notice and the opportunity to "opt-in."  Id. at 1217-18 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)).  After discovery is complete, the opposing party may file a motion for decertification.  The district court then reevaluates the "similarly situated" requirement and makes a factual determination of whether the class is similarly situated.  Id. at 1218.  This second analysis is much more stringent than the first.  See Hipp, 252 F.3d at 1218 (noting that its review of the case law reveals that "no representative class has ever survived the second stage of review").

    The burden of establishing whether other employees are similarly situated to a plaintiff is very low.  Plaintiffs, through the pleadings and other evidence in the record, must establish that the putative "opt-in" employees are "similarly situated" to her in their job descriptions and claims alleged.  See id. at 1217 (employees are similarly situated if their positions "are similar, not identical to the positions held by the putative class members") (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996)). Thus, "[t]he plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavit." Id. at 1219. The Eleventh Circuit recently noted that "[t]he district court's broad discretion at the notice stage is

thus constrained, . . . there must be more than only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other stores." <u>Morgan</u>, 551 F. 3d at 1261.

In the instant Motion, Plaintiffs Jennifer Hoffer and Leanne Minott filed affidavits in which they both make the following, identical statement:

> I am aware of other loan resolution consultants who have expressed an interest in joining the lawsuit, have complained about the practices forming the basis of the suit, and/or are fearful of joining without an assurance from the Court that retaliation is prohibited.

DE 23, Exs. B & C.  This statement is speculative, and it has the tincture of lawyer-speak: no individuals are named, and the statement is non-committal.  This is insufficient.  It gives the Court nothing to make a finding upon but the fact that Plaintiffs are aware of others.  Who these others are, whether they are similarly situated, and whether they are actually interested in joining in this suit is all left to guess-work. And if such persons did exist who harbor such fears, Plaintiffs' counsel could have ensured that those employees' names were not disclosed to the Defendant itself through a myriad of different devices, including filing such a motion under seal or having the Court grant a protective order for counsel's eyes only. Plaintiffs did not attempt anything of this sort, and the Court is unwilling to find that similarly situated employees exist on the basis of that once-echoed statement recited above.  <u>Ulysse v. Divosta Bldg. Co.</u>, 2006 WL 2618449 (S.D. Fla. Dec. 11, 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  Plaintiffs' Motion For Conditional Certification Of Collective Action And Permission To Send Court Supervised Notice Advising Similarly Situated Individuals Of Their Opt-In Rights (DE 23) be and the same is hereby **DENIED;** and

2.  The Joint Motion To Extend Case Deadlines (DE 32) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___19th___ day of May, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record